1  Michael Rapkine (#222811)
   mrapkine@lagerlof.com
2  LAGERLOF, LLP
   155 North Lake Avenue, 11th Floor
3  Pasadena, California 91101
   Telephone: (626) 535-1900
4  Facsimile: (626) 577-7764

5  Attorneys for Defendant
   WELLS FARGO BANK, N.A., erroneously
6  sued separately as "Wells Fargo Home
   Mortgage"
7

8              UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

10

| | |
|---|---|
| 11  ROSHNI PRASAD | CASE NO.: |
| 12         Plaintiff, | |
| 13     v. | **NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO BANK, N.A. PURSUANT TO 28 U.S.C. § 1332** |
| 14  WELLS FARGO HOME MORTGAGE and WELLS FARGO BANK, N.A., | |
| 15         Defendants. | **[DIVERSITY JURISDICTION]** |

22  **TO PLAINTIFF, THE CLERK OF THE ABOVE-ENTITLED COURT, AND THE**

23  **HONORABLE UNITED STATES DISTRICT JUDGE, AS ASSIGNED:**

24         **PLEASE TAKE NOTICE** that defendant WELLS FARGO BANK, N.A., erroneously

25  sued separately as "Wells Fargo Home Mortgage" (hereinafter, "Wells Fargo") submits this

26  Notice of Removal based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1441(b) and 1332.

27         The action is hereby removed to this Court from the state court, as more particularly set

28  forth below.

1. **THE STATE COURT ACTION.**

On November 12, 2021, plaintiff Roshni Prasad ("plaintiff") commenced an action in the Superior Court of the State of California for the County of Sacramento, Case No. 34-2021-00311909-CL-BC-GDS (the "State Court Action"). Wells Fargo filed a demurrer to each cause of action in the complaint, which was sustained with leave to amend on July 5, 2022. On or about August 1, 2022, plaintiff filed the operative First Amended Complaint (the "FAC"). A true and correct copy of the operative FAC filed in the State Court Action is attached hereto as Exhibit A. Attached hereto as Exhibit B are all other documents filed in the State Court Action which are in the possession of Wells Fargo.

2. **DIVERSITY OF CITIZENSHIP.**

This Court has jurisdiction of this case under 28 U.S.C. § 1332 because plaintiff's citizenship and that Wells Fargo is entirely diverse and the amount in controversy exceeds the $75,000 jurisdictional threshold.

    **A.**   **Plaintiff Is A Citizen of California.**

Plaintiff is California citizen based on domicile, as she lists her residence at 7648 Roosterfish Way, Sacramento, CA 95828. (e.g., FAC at p.1.) It should also be stressed that the home at Roosterfish Way in Sacramento (the "subject property") is plaintiff's sole residence which she occupies after obtaining a home loan from Wells Fargo in 2008. (see Exhibit C [Deed of Trust].) In March 2016, plaintiff obtained a loan modification for the Roosterfish loan. (Exh. 1 to FAC.) Plaintiff is currently experiencing financial hardship and she seeks to secure another modification relating to her loan for the subject property. (e.g., FAC at Attachment BC-4: "The Defendant Wells Fargo Home Mortgage did not modify the Plaintiff's loan as they agreed . . .")

A "notice of removal need only include a plausible allegation" of the plaintiff's citizenship. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (applying plausibility standard to the amount in controversy). Upon information and belief, plaintiff resides in California with the intention to remain indefinitely. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also*, *Heinz v.*

1  *Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (residence and property ownership is a
2  factor in domicile for diversity jurisdiction); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d
3  514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of
4  residence is prima facie the domicile.")

5  **B.  Defendant Wells Fargo Bank, N.A. is a Citizen of South Dakota.**

6  Pursuant to 28 U.S.C. § 1348, Wells Fargo Bank, N.A., as a national banking association,
7  is a citizen of the state where it is "located."  In 2006, the U.S. Supreme Court, after a thorough
8  examination of the historical versions of § 1348 and the existing case law, held that "a national
9  bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its
10 articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307 (2006).

11 Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a citizen of
12 South Dakota.  Attached hereto as Exhibit D are true and correct copies of the FDIC Profile and
13 the Articles of Association for Wells Fargo Bank, National Association, as issued by the Office
14 of the Comptroller of the Currency, Administrator of National Banks, reflecting that Wells Fargo
15 (at Article II, § 1) has its main office in Sioux Falls, South Dakota. *Rouse v. Wachovia*
16 *Mortgage*, *FSB*, 747 F.3d 707, 715 (9th Cir. Mar. 27, 2014) ("under § 1348, a national banking
17 association is a citizen only of the state in which its main office is located."); see also, *Wells*
18 *Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2011); *Mireles v. Wells*
19 *Fargo Bank N.A.*, 845 F. Supp. 2d 1034, 1059-61 (C.D. Cal. 2012); *DeLeon v. Wells Fargo*
20 *Bank, N.A.*, 729 F. Supp. 2d 1119, 1124 (N.D. Cal. 2010); *Nguyen v. Wells Fargo Bank, N.A.*,
21 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) ("Wells Fargo is a citizen of South Dakota for
22 purposes of diversity.")

23 On a final note, plaintiff also erroneously names "Wells Fargo Home Mortgage" as an
24 additional defendant. Wells Fargo Home Mortgage should not be a separate defendant because it
25 is simply a division of Wells Fargo Bank, N.A. See e.g., *Mount v. Wells Fargo Bank, N.A.*, 2008
26 WL 5046286, *1 (C.D. Cal. Nov. 24, 2008) ("Wells Fargo Home Mortgage is a *division* of Wells
27 Fargo Bank, N.A., not a subsidiary corporation.") (italics in original).
28 ///

### C. Summary Regarding Diversity of Citizenship.

As set forth above, complete diversity exists because plaintiff is a citizen of California and Wells Fargo is a citizen of South Dakota. Therefore, complete diversity of citizenship is present under 28 U.S.C. § 1332(a).

### 3. AMOUNT IN CONTROVERSY.

Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint." *Schwarzer, Tashima & Wagstaffe*, *Fed. Civ. Proc. Before Trial* (2009), ¶ 2:450 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), which held that an inability to recover an amount adequate to give the court jurisdiction does not oust the court of jurisdiction). However, the Court is not confined to the complaint when examining evidence to establish the amount in controversy. *Bailey v. Extended Stay America, Inc*., 2019 WL 6769639, *2 (C.D. Cal. 2019) ("Parties may submit evidence outside the complaint when supporting or challenging removal, such as affidavits, declarations, and other summary-judgment type evidence."). Furthermore, direct testimony can be employed to aid the Court in its determination. *Federal Practice & Procedure* (Wright & Miller) Juris. § 3702.3 (4th ed. 2022).

In addition, courts may consider settlement communications between the parties to establish the amount in controversy. *Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002) (settlement letter is relevant evidence of amount in controversy; plaintiff could have argued that settlement demand was inflated, but in fact made no attempt to disavow letter or offer contrary evidence); see also, *Lopez v. Target Corporation*, 2021 WL 4272292, *1 (W.D. N.Y. 2021) (a plaintiff's $150,000 pre-suit demand letter was sufficient to satisfy jurisdictional threshold, as it documented the plaintiff's purported injury).

Although the FAC is not a model of clarity, plaintiff plainly alleges that Wells Fargo breached a purported agreement to provide her with another modification of her home loan. (e.g., FAC at Attachment BC-1: "Plaintiff never received the final Modification Agreement."; see also, FAC at Attachment BC-2 at p.2: "As of April 2021, Plaintiff still had not received the modification package for $768.59 monthly payments and 3.0% interest rate.") The damages that

1  plaintiff supposedly sustained from Wells Fargo's purported breach are difficult to quantify;
2  however, they should amount to a large sum if calculated over the span of the mortgage, which is
3  presumably a 30-year fixed term.
4       Plaintiff's estimate of her damages was clarified on August 11, 2022, when she sent an
5  email to defense counsel for Wells Fargo, proposing that the bank pay her a sum of $900,000.00
6  to dismiss her case. (*see* Exhibit E [Email].)  This settlement demand presumably would
7  compensate the plaintiff for all categories of alleged damages mentioned in the FAC, including
8  "great emotional stress, anxiety," and Wells Fargo's failure to modify the loan as allegedly
9  promised. (FAC at Attachment BC-4.)
10      In light of plaintiff's express demand for damages, the amount in controversy greatly
11 exceeds the $75,000 jurisdictional threshold.

12 **4.   TIMELINESS.**

13      This removal notice is timely pursuant to 28 U.S.C. § 1446(b), because Wells Fargo was
14 served with the operative FAC on August 1, 2022, thereby making Wells Fargo's response due
15 by August 31, 2022. *Destfino v. Reiswig, et al.,* 630 F.3d 952, 956 (9th Cir. 2011) ("we hold that
16 each defendant is entitled to thirty days to exercise his removal rights after being served").  On
17 August 11, 2022, Wells Fargo received an email proposal from plaintiff that clarified the
18 amount of her purported damages in the FAC.  Within this email, plaintiff made a demand for
19 $900,000.00. (see Exhibit E.)
20      As no doe defendants have been identified or served at this time, no joinder of unserved
21 defendants is required to perfect removal of the State Court Action. *Salveson v. Western States*
22 *Bankcard Ass'n.,* 731 F.2d 1423, 1429 (9th Cir. 1984).

23 **5.   INTRA-DISTRICT ASSIGNMENT.**

24      This case is being removed to the Eastern District of California (Sacramento Division)
25 because the existing State Court Action is pending in Sacramento County.
26 ///
27 ///
28 ///

**6.     OTHER PERTINENT INFORMATION.**

A.     Pursuant to 28 U.S.C. § 1446(a), Wells Fargo files this Notice in the District Court of the United States for the district and division within which the State Court Action is pending.

B.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice and its attachments will promptly be served on plaintiff in the State Court Action, and notice thereof will be filed with the clerk of the Sacramento County Superior Court.

**WHEREFORE**, defendant Wells Fargo hereby removes Sacramento County Superior Court Case No. 34-2021-00311909-CL-BC-GDS to the United States District Court for the Eastern District of California, Sacramento Division.

Respectfully submitted,

Dated: August 25, 2022          LAGERLOF, LLP

By: */s/ Michael Rapkine*
Michael Rapkine
Attorneys for Defendant
WELLS FARGO BANK, N.A.