UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSHNI PRASAD,<br><br>              Plaintiff,<br><br>       v.<br><br>WELLS FARGO HOME MORTGAGE, *et al.*,<br><br>              Defendants. | Case No.  2:22-cv-01505-WBS-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff Prasad, proceeding without counsel, brings claims for breach of contract against defendants for allegedly failing to modify the terms of her mortgage agreement after the parties entered into a loan modification agreement. ECF No. 1-1.[1] Defendants move to dismiss the complaint, arguing primarily that—contrary to plaintiff's allegations—they offered plaintiff the agreed-upon loan modification and that plaintiff rejected the proposed terms. ECF No. 4. In support of this argument, defendants ask that this court take judicial notice of correspondence between the parties, which they contend demonstrates the falsity of plaintiff's allegations. ECF No. 5. Because defendants' argument relies on extrinsic documents that may not be considered in adjudicating their motion, I recommend that their motion be denied.[2]

---

[1] Defendants removed this case from the Superior Court of California, County of Sacramento, on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332 & 1441(b). ECF No. 1 at 1.

[2] As explained below, defendants provide two other arguments, both of which are

1

## Legal Standards

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

In deciding motions under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). In certain circumstances, the court may also consider documents referenced in—but not included with—the complaint or documents that form the basis of plaintiff's claims. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

## Discussion

Plaintiff obtained a home loan from defendant Wells Fargo in 2008 and a modification to the terms of that loan in 2016. *See* ECF No. 1-1 at 40. She alleges that in November 2020 defendants offered her—and she signed—the "FHA Home Affordable Modification Program (HAMP) TRIAL PLAN" ("HAMP plan"), whereby defendants agreed to provide a modified loan agreement after her successful completion of a three-month trial period. *Id.* at 6 (capitalization in original). She alleges that she timely made each monthly trial payment, but defendants never sent her the final loan modification agreement. *Id.* at 6-7.

Defendants first argue that the HAMP plan did not obligate them to "offer the plaintiff another loan modification with any specific terms." ECF No. 4 at 8. Plaintiff acknowledges that,

---

insufficient to show that plaintiff's allegations fail to state a claim.

2

1  under the loan modification agreement, "the loan terms may change" following completion of the
2  HAMP plan. ECF No. 1-1 at 6. But she alleges that the agreement nevertheless included a
3  commitment to provide *some* modification to her loan agreement and that defendants' failure to
4  do so constitutes breach of contract. *See id.* at 6-7; ECF No. 8 at 3. Plaintiff includes with her
5  complaint the November 2020 HAMP plan offer letter, which states: "after you successfully
6  complete your trial plan . . . we will send you a temporary loan modification agreement . . . ,
7  which will reflect the terms of your modified loan." *Id.* at 16. Plaintiff's claim for breach of
8  contract thus does not depend on whether defendants were obligated to offer particular loan
9  terms.

10  Defendants' second argument—that California law does not entitle plaintiff to a loan
11  modification—similarly misconstrues plaintiff's claims. ECF No. 4 at 8 n.1 (citing Cal. Civ.
12  Code §§ 2923.6 & 2923.4; *Marbry v. Superior*, 185 Cal. App. 4th 208, 223 (2010) (holding that
13  California Civil Code § 2923.6 "merely expresses the *hope* that lenders will offer loan
14  modifications on certain terms") (emphasis in original)). Nowhere does plaintiff claim that
15  defendants violated either §§ 2923.6 or 2923.4; rather, she sues defendants for breach of the
16  HAMP plan contract. *See* ECF No. 4 at 8.[3]

17  Last, defendants argue that "a judicially noticeable record clearly demonstrates that
18  plaintiff received the proposed modification in February 2021, and expressly rejected this
19  modification offer." ECF No. 4 at 5. Defendants ask that the court take judicial notice of a fax
20  sent by plaintiff to a representative of Wells Fargo Bank. ECF No. 5 at 2.[4] According to

---

[3] To the extent defendants suggest that plaintiff cannot enforce the terms of the HAMP plan with a state law breach of contract claim, such argument is unavailing. *See Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878, 884 (9th Cir. 2013) ("Where, as here, borrowers allege, and we must assume, that they have fulfilled all of their obligations under the [HAMP plan], and the loan servicer has failed to offer a permanent modification, the borrowers have valid claims for breach of the [HAMP] agreement.").

[4] Defendants also request that the court take judicial notice of a "Deed of Trust executed by plaintiff Roshni Prasad and recorded with the Sacramento County Recorder's Office on November 3, 2008" and a "Promissory Note executed by plaintiff Roshni Prasad on October 24, 2008." ECF No. 5 at 2. Defendants identify neither the particular facts to be noticed from either nor why notice is essential to the resolution of their motion. *See id.*; *cf. Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is

1  defendants, the fax includes a letter originally sent by Wells Fargo on February 5, 2021, that

2  purports to enclose the loan modification agreement and a handwritten response from plaintiff,

3  stating: "'I have received this and I [would] like you to give me [a] lower interest rate than 3%.'"

4  ECF No. 4 at 6 (quoting ECF No. 5 at 25).

5        Generally, facts may only be noticed where "the fact is 'not subject to reasonable dispute,'

6  either because it is 'generally known within the territorial jurisdiction,' or is 'capable of accurate

7  and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"

8  *Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992) (citing Fed. R. Evid. 201(b)).

9  Documents that are not a matter of public record and were not included with the complaint should

10 not ordinarily be subject to judicial notice. Moreover, even if a document is "susceptible to

11 judicial notice," that "does not mean that every assertion of fact within that document is judicially

12 noticeable for its truth." *Khoja*, 899 F.3d at 999 (declining to take judicial notice of an investor

13 call transcript that purportedly revealed "what investors already knew" because, "from the

14 transcript, it is unclear what exactly [the defendant] 'previously disclosed'"). Defendants have

15 given the court no reason to depart from standard practice; they have not shown that it is

16 appropriate to take judicial notice of the fax or its contents.[5]

17       Defendants also contend that the documents may be considered under the incorporation-

18 by-reference doctrine "because plaintiff's sole claim for breach of contract hinges on these

19 records," and "plaintiff may not deliberately omit references to documents upon which her claim

20 is based to survive a 12(b)(6) motion." ECF No. 5 at 2 (citing *Parrino v. FHP, Inc.*, 146 F.3d

21 699, 706 (9th Cir. 1998)). "[I]ncorporation-by-reference is a judicially created doctrine that treats

22 certain documents as though they are part of the complaint itself." *Khoja v. Orexigen*

---

judicially noticeable for its truth."). In any case, my recommendation that their motion to dismiss be denied would not be affected by consideration of either document.

[5] Additionally, the conclusions that defendants ask the court to draw are not conclusively shown by the fax. The exhibit includes a cover letter that purports to enclose loan modification agreement documents and a handwritten letter allegedly written by plaintiff acknowledging that she "received this." ECF No. 5 at 25. Such evidence may suggest that plaintiff received the loan modification agreement documents but does not conclusively demonstrate the falsity of her allegations, which refer to communications between the parties spanning several months.

*Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Under this doctrine, a document may be incorporated into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 907. The doctrine extends to "situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). However, incorporation is not appropriate if the document "merely creates a defense to the well-pled allegations in the complaint." *Khoja*, 899 F.3d at 1002. Because the doctrine risks being used as "a tool for defendants to short-circuit the resolution of a well-pleaded claim," the Ninth Circuit has urged that the doctrine be "approached with caution." *Id*.

Here, the complaint does not refer extensively to the fax at issue or its contents; indeed, plaintiff's allegations suggest that she never sent a letter or fax rejecting an offer from defendants. ECF No. 1-1 at 6-7. Moreover, in plaintiff's opposition she appears to contest the authenticity of the documents submitted by defendants as well as defendants' interpretation of their contents. *See* ECF No. 8 at 2-3. Although such documents could prove essential to a defense, they are properly reserved for a motion for summary judgment allowing plaintiff a full opportunity to present evidence in opposition. *See Khoja*, 899 F.3d at 1003 (holding that "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint").

Accordingly, it is hereby RECOMMENDED that defendants' motion to dismiss, ECF No. 4, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 13, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE