UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSHNI PRASAD,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO HOME MORTGAGE, *et al.*,<br><br>        Defendants. | Case No. 2:22-cv-01505-WBS-JDP (PS)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTION TO REMAND BE GRANTED FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>ECF No. 24<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

      Plaintiff, proceeding without counsel, filed claims for breach of contract against defendants Wells Fargo Home Mortgage and Wells Fargo Bank, N.A., on November 12, 2021, in the Sacramento Superior Court. On August 25, 2022, defendants removed on the basis of diversity jurisdiction, stating that plaintiff is a citizen of California, defendants are citizens of South Dakota, and the amount in controversy exceeds $75,000. Plaintiff filed a motion to remand, arguing that her damages do not exceed the required amount in controversy. I will recommend that plaintiff's motion be granted and that this matter be remanded.

      "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the

1

1  district court of the United States for the district . . . where such action is pending." 28 U.S.C.

2  § 1441(a).  The Ninth Circuit construes the removal statute against removal, and the party seeking

3  removal bears the burden of federal jurisdiction.  *Geographic Expeditions, Inc. v. Est. of Lhotka*,

4  599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 567 (9th Cir.

5  1992)); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("The

6  removal statute is strictly construed, and any doubt about the right of removal requires resolution

7  in favor of remand."); *Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any

8  doubt as to the right of removal in the first instance.").  If removal to federal court was improper,

9  "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the

10 state court."  *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (citing 28 U.S.C.

11 § 1447(c)).

12       The notice of removal pleading must contain "a short and plain statement of the grounds

13 for removal," which includes the claimed jurisdictional basis.  28 U.S.C. § 1446(a).  Diversity

14 jurisdiction exists in all civil actions in which there is complete diversity of citizenship of the

15 parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  In calculating the

16 amount in controversy in a removal case, the proponent of federal jurisdiction has the burden of

17 proving that the amount in controversy is satisfied by a preponderance of the evidence.

18 *Geographic Expeditions, Inc.*, 599 F.3d at 1106-07.

19       As an initial matter, complete diversity exists: plaintiff is a citizen of California, and

20 defendants are citizens of South Dakota.[1]  The issue is merely whether the amount in controversy

21 exceeds $75,000.

22       Defendants contend that they have satisfied their burden of showing that the amount in

23 controversy exceeds $75,000.  To support their position, defendants rely on an email sent by

24 plaintiff to defense counsel stating that plaintiff would settle the case for $900,000.  *See* ECF No.

---

[1] Plaintiff's motion to remand would seem to suggest that she contests complete diversity. ECF No. 24 at 5-6.  However, a national bank such as Wells Fargo, for purposes of 28 U.S.C. § 1348, is not a citizen of every State in which it maintains a branch.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).  Rather, it is deemed a citizen of the State where its main office is located as set forth in its articles of association.  *Id.*  According to defendants' articles of association, its main office is in Sioux Falls, South Dakota.  ECF No. 1-1 at 124-29.

1    1-1 at 131; ECF No. 25 at 3.  While a plaintiff's settlement demand may be used as evidence in

2    establishing the amount in controversy, the use of such demand is not absolute.  A plaintiff's

3    proposed settlement amount is "[only] relevant evidence of the amount in controversy if it

4    appears to reflect a *reasonable* estimate of the plaintiff's claim."  *Cohn v. Petsmart, Inc.*, 281

5    F.3d 837, 840 (9th Cir. 2002) (emphasis added); *Negrete v. Brinker Int'l, Inc.*, No. 20-01324,

6    2020 WL 758788, at *1-2 (C.D. Cal. Feb. 13, 2020) (finding that the plaintiff's settlement

7    demand of $2 million was not a reasonable reflection of the plaintiff's potential recovery when

8    the plaintiff filed a complaint alleging an unspecified amount of damages but claiming damages

9    in excess of $25,000).

10          Although plaintiff at one time sought $900,000 in settlement, she seeks only $25,000,

11   ECF No. 1-1 at 4, suggesting that $900,000 is not a reasonable estimate of her expected damages.

12   Plaintiff's purported settlement offer, which is more than five times the amount of her original

13   loan, sharply contrasts with her potential recovery for defendants' alleged breach of contract.  *See*

14   ECF No. 1-1 at 36.  Based on the allegations, defendants did not uphold an agreement to provide

15   a loan modification following plaintiff's performance of three $768 payments.  ECF No. 1-1 at

16   31-34.  Because these payments total only $2,304, the court is further unconvinced that $900,000

17   reasonably approximates her damages.

18          In their opposition, defendants cite *Cohn v. Petsmart, Inc.* as instructive.  ECF No. 25 at 3.

19   However, the facts of *Cohn* differ.  281 F.3d at 840.  In *Cohn*, the plaintiff consistently valued his

20   claim as worth more than $100,000.  The Ninth Circuit noted that the plaintiff "could have argued

21   that the demand was inflated and not an honest assessment of damages [but] . . . he made no

22   attempt to disavow his [settlement] letter or offer contrary evidence."  *Id.*  In this case, plaintiff

23   has done the opposite; she has consistently alleged damages in the amount of $25,000.[2]

24   Furthermore, by seeking removal, plaintiff has disavowed the settlement demand.  *See Graybill v.*

25   *Khudaverdian*, No. 15-01627, 2015 WL 7295378, at *4 (C.D. Cal. Nov. 17, 2015) (finding that

---

28   [2] In both the original and operative complaints, plaintiff has alleged $25,000 in damages. ECF No. 1-1 at 4, 46.

3

the plaintiff was successful in disavowing the demand as a sort of "pie-in-the-sky settlement wish and not a serious valuation of the value of his claim," once the defendants removed the case).

The court also notes plaintiff's contention that her settlement demand of $900,000 was prompted by defendants. According to plaintiff, defense counsel initiated discussions with her about possible settlement. ECF No. 27 at 2. In her reply, plaintiff writes that "opposing counsel suggested that she could ask to settle this case starting at $100,000 up to $1,000,000. It was up to her to decide how much she wanted to settle her case for." *Id.* This would seem to suggest that plaintiff may not have proposed the amount of $900,000 based entirely on her own valuation of the case; she may have factored in defendants' suggestion.

Given plaintiff's consistency in pleading damages below the statutory requirement, the considerable difference between the damages plaintiff seeks and her one-time settlement demand, and the context in which the demand was made, plaintiff's proposed settlement offer of $900,000 is not a reasonable estimate of her potential recovery. The undersigned finds that diversity jurisdiction does not exist, and thus that remand is required.[3]

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion to remand, ECF No. 24, be granted.
2. This case be REMANDED to the Superior Court of the State of California in and for the County of Sacramento; and
3. The Clerk of Court be directed to send a certified copy of this order to Superior Court of California in and for the County of Sacramento and to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to 28 U.S.C. § 636(b)(l) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of service of these findings and recommendations, any party may file written objections with the

---

[3] Plaintiff has further requested the fees and costs incurred in connection with removal of this action pursuant to 28 U.S.C. § 1447(c). The court denies plaintiff's request. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 11, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5